# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CEDRIC LAMONT STAMPLEY,**                                                    **PETITIONER**

**v.**                                               **No. 4:07CV197-M-B**

**CHRISTOPHER B. EPPS, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner petition of Cedric Lamont Stampley for a writ of *habeas corpus* under 28 U.S.C. § 2254. The state has moved to dismiss the petition for failure to exhaust state remedies. The petitioner has not responded, and the deadline for response has expired. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust.

### Facts and Procedural Posture

Cedric Stampley pled guilty to possession of cocaine with intent to distribute in the Circuit Court of Washington County, Mississippi. Circuit Court Cause No. 2006-337. Stampley was sentenced May 7, 2007, to serve a term of ten years with five years to serve and five years of post-release supervision. By statute, there is no direct appeal from a guilty plea, MISS. CODE ANN. § 99-35-101, although Mississippi courts make an exception for defendants who challenge the legality of their sentences. *Acker v. State*, 797 So.2d 966 (Miss. 2001). Stampley has not, however, appealed the sentence imposed as a result of his plea; nor has he filed a motion for post-conviction relief on the charge. Stampley filed the instant federal petition for a writ of *habeas corpus* on November 20, 2007, raising eight issues.

## Exhaustion

Resolution of this case rests with 28 U.S.C. § 2254(b), which provides in part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(I) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

In addition, § 2254(c) provides:

> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Thus, one petitioning for federal *habeas corpus* relief must present his claims to the state's highest court in a procedurally proper manner to provide that court a fair opportunity to rule upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728 (1999). The petitioner has not, however, appealed his sentence – or challenged his conviction and sentence in a state post-conviction proceeding.

Further, he has a state remedy available under the Mississippi Uniform Post-Conviction Collateral Relief Act, MISS. CODE ANN. §§ 99-39-1, *et seq.*

Section 99-39-5 provides, in relevant part:

> (2) A motion for relief under this chapter shall be made . . . In case of a guilty plea, within three (3) years after entry of the judgment of conviction. . .

Stampley therefore has three years from the date his conviction became final to file for relief

under state law, MISS. CODE ANN. § 99-39-1, *et seq.* As the state noted in its motion to dismiss, however, the petitioner faces a one-year *federal* deadline for filing – a deadline not tolled by the premature filing of the instant federal petition for a writ of *habeas corpus*. *Duncan v. Walker,* 533 U.S. 167, 121 S.Ct. 2120, 2129 (2001); *Grooms v. Johnson*, 208 F.3d 488 (5th Cir. 1999). The petitioner's pursuit of state post-conviction relief (if filed before the one-year federal limitations period expires) would toll the federal limitations period – but only so long as the state post-conviction proceeding is pending. After the conclusion of state post-conviction proceedings, the federal limitations period resumes running. *Id.* If the petitioner is not diligent in his pursuit of state post-conviction relief – and equally so in pursuit of federal *habeas corpus* relief – he could be barred forever from obtaining federal relief. *Id.* The petitioner has not sought to stay these federal proceedings to enable him to exhaust his state remedies – and certainly has not shown good cause for such relief – a remedy to be used only in "limited circumstances." *Rhines v. Weber*, 125 S.Ct. 1528 (2005).

For these reasons, the instant petition for a writ of *habeas corpus* shall be dismissed for failure to exhaust state remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 4th day of June, 2008.

                                      **/s/ MICHAEL P. MILLS**
                                      **CHIEF JUDGE**
                                      **UNITED STATES DISTRICT COURT**
                                      **NORTHERN DISTRICT OF MISSISSIPPI**